CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/9/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WILLIAM DAVID HATCHER | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: 6:21CV00020 |
| v. | ) |
| | ) |
| HIGGINS ELECTRIC, INC. OF DOTHAN; | ) |
| AND JAMES HAGANS | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**
**(Jury Trial Demanded)**

The Plaintiff, William David Hatcher ("plaintiff" or "Mr. Hatcher"), by counsel, files this Complaint and states his cause of action against the defendants as follows:

**I. PARTIES**

1. Mr. Hatcher is a citizen and resident of Florida.

2. Defendant Higgins Electric, Inc. of Dothan ("defendant Higgins Electric") is an Alabama corporation, with its principal place of business in Alabama. Therefore, it is a citizen of Alabama for purposes of diversity subject matter jurisdiction.

3. Defendant James Hagans ("defendant Hagans"), upon information and belief, is a citizen and resident of Alabama.

**II. JURISDICTION AND VENUE**

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this dispute is between citizens of different States.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III. FACTUAL ALLEGATIONS

6. This is an action for personal injuries Mr. Hatcher suffered as a direct and proximate result of defendants' negligence and willful and wanton negligence, which occurred at the Flowers Baking plant (the "Flowers Plant") in Lynchburg, Virginia on July 19, 2020.

7. On July 19, 2020, the Flowers Plant was being renovated.

8. Public records of the City of Lynchburg indicate that as of July 19, 2020, there were at least two open "Building Permits" pertaining to the renovations being done at the Flowers Plant. These "Building Permits" were issued by the City of Lynchburg, Community Development, Inspections Division. Permit numbered COM20-00004 was issued March 3, 2020 for interior renovations at a total construction cost of $400,000.00. Permit COM20-00015 was issued on March 10, 2020 for warehouse addition and interior renovations with a total construction cost of $3,800,000.00.

9. Defendant Higgins Electric was listed on the COM20-00015 permit as the electrical contractor. Defendant Higgins Electric is not listed on the COM20-00004 permit.

10. Smith's Inc. of Dothan ("Smith's") was working at the Flowers Plant on July 19, 2020. Smith's is a corporation that provides mechanical engineering services. Those services include piping. On information and belief, Flowers Baking hired Smith's directly; there is no indication that Smith's was acting as a subcontractor to any general contractor or subcontractor on either of the referenced building permits regarding the Flowers Plant. On July 19, 2020, Smith's and defendant Higgins Electric were working independent of each other on different jobs at the Flowers Plant.

11. On July 19, 2020, Mr. Hatcher was working for Smith's at the Flowers Plant as a pipefitter. Hatcher and other Smith's employees had been working at the Flowers Plant for approximately two weeks.

12. In its work at the Flowers Plant, defendant Higgins Electric used a "Genie" brand aerial boom lift that, on information and belief, had been rented by Flowers Baking. The subject Genie Lift at the Flowers Plant is pictured below:



13. Not everyone may operate aerial boom lifts like the Genie Lift. Potential operators are required to be trained in safe operation of these machines and must be so certified.

14. While using the Genie Lift, the operator stands in the basket at the end of the extension arm. The operator can move the basket up for elevated work and then back down to ground level. The operator can drive the Genie Lift forwards or backwards. The Genie Lift is powered by electricity. It makes little to no sound as it travels forwards or backwards. When the operator raises or lowers the basket, the Genie Lift automatically makes a loud beeping noise, but the machine does not automatically make the beeping noise (or any other automatic warning noise) when moving forwards or backwards. Further, when the Genie Lift is moving forward the body of the machine creates a large blind spot for the operator, directly in front of the Genie Lift.

The operator's manual for the Genie Lift specifically warns operators to "[b]e aware of limited sight distance and blind spots when driving or operating[1]" the lift.

15. For the reasons described in ¶14, it is critical and required that the operator follow all safety guidelines before and while driving the Genie Lift forward, including that he/she ensure that the machine's path of travel is clear and provide audible and/or other warnings that the Genie Lift will be/is moving.

16. Between 2:00 pm and 3:00 pm on July 19, 2020, Mr. Hatcher and other Smith's employees were on the ground level of the Flowers Plant, but were about to begin work in an area of the ceiling of the Plant. Checking his surroundings before doing so, Mr. Hatcher looked up toward the area of the ceiling where he and other Smith's employees would be working.

17. At approximately the same time on July 19, 2020, defendant James Hagans ("Defendant Hagans") was also working at the Flowers Plant, as an employee of defendant Higgins Electric. While acting in the course and scope of his employment with defendant Higgins Electric, defendant Hagans negligently and willfully and wantonly negligently operated the Genie Lift by driving it forward without first checking the machine's blind spots to determine that his path of travel was clear, without providing any type of audible warning that the Genie Lift would be moving, and/or without placing any warning signs, cones or other warnings in the Genie Lift's path of travel.

18. Defendant Hagans ran over Mr. Hatcher with the Genie Lift. Defendant Hagans did not give proper warnings that the Genie Lift would be traveling forward. He did nothing that would have allowed Mr. Hatcher to move out of the way or otherwise protect himself. The 7,900-pound Genie Lift crushed Mr. Hatcher's right foot and pinned it to the ground.

---

[1] *See* Page 11 of the 2006 Genie Operator's Manual (3rd printing 2012) applicable to the subject Genie Lift, accessible online as of 4/6/2021 at https://manuals.gogenielift.com/operators/english/114304.pdf.

19. Workers in the vicinity heard Mr. Hatcher scream and rushed to the scene. Defendant Hagans had to be told by others to stop the Genie Lift; he was apparently unaware he had run over Mr. Hatcher and was continuing to try and move the Genie Lift. An attempt was made to use a forklift to raise the Genie Lift off Mr. Hatcher's foot, but the Genie Lift was so heavy it could not be raised by the forklift alone.

20. After Mr. Hatcher's foot was finally freed, it was obvious he was severely injured. Even though he was wearing steel-toed boots, his right foot was crushed. He was suffering from extreme and excruciating pain.

21. Mr. Hatcher was taken by ambulance to Centra Lynchburg General Hospital. He was treated there until July 25, 2020, when he was transferred to Tallahassee Memorial Healthcare in Tallahassee, Florida, near his home. Despite receiving medical care which included pain management in both hospitals, Mr. Hatcher continued to suffer intractable pain.

22. The crushing injury was so severe that amputation was required. On July 31, 2020, Mr. Hatcher's right leg was amputated just below the knee as a proximate result of the crushing injury sustained as a result of defendant Hagans' negligence and willful and wanton negligence.

23. Upon information and belief, defendant Hagans either resigned or was fired by defendant Higgins Electric on July 19 or 20, 2020. On information and belief, defendant Hagans refused to participate in a drug screen on July 19, 2020 after the subject incident.

24. Defendant Hagans owed a duty of care to those around him, including Mr. Hatcher, to exercise ordinary care in operating the Genie Lift.

25. Defendant Hagans breached that duty and failed to exercise ordinary care in operating the Genie Lift, including (but not limited to): by failing to ensure his path of travel was clear before and while driving the Genie Lift forward; by failing to provide audible and/or visible

warnings of intended and actual motion of the Genie Lift; by failing to stop and prevent further injury to Mr. Hatcher; and by otherwise operating the Genie Lift in such a manner that caused it to collide into Mr. Hatcher.

26. Defendant Hagans' negligent and willfully and wantonly negligent operation of the Genie Lift proximately caused severe and permanent injuries and other damages to Mr. Hatcher.

27. When he operated the Genie Lift at the time of the subject incident, defendant Hagans was acting in the course and scope of his employment with defendant Higgins Electric; therefore, defendant Higgins Electric is vicariously liable for defendant Hagans' negligent acts and omissions that proximately caused Mr. Hatcher's injuries and other damages.

## COMPENSATORY DAMAGES

28. As a direct and proximate result of Defendants' negligent and willfully and wantonly negligent acts and/or omissions, Mr. Hatcher has suffered severe and permanent injuries and damages, including the following: physical pain and mental anguish already suffered and that will continue in the future; disfigurement, deformity, embarrassment, inconvenience and/or humiliation already suffered and that will continue in the future; medical and other treatment expenses already incurred and that will continue in the future; losses of earnings and earning capacity already suffered and that will continue in the future; loss of employment benefits already suffered and that will continue in the future; and that he is unable or restricted in activities of daily living and in his ability to enjoy normal life activities, and this inability and/or restriction will continue in the future.

## PUNITIVE DAMAGES

29. Defendant Hagans' actions as described constituted willful and wanton negligence and evinced a conscious disregard for the rights of others, including Mr. Hatcher, at the Flowers Plant on July 19, 2020, upon information and belief, as follows:

    a.    Defendant Hagans had received safety training and instruction in the operation of the Genie Lift before July 19, 2020.

    b.    Defendant Hagans knew on July 19, 2020, including from safety training and instruction he had received, that the Genie Lift was a dangerous machine and that unsafe operation of the Genie Lift would be likely to result in death or serious injury.

    c.    Defendant Hagans knew on July 19, 2020, including from safety training and instruction he had received, that the Genie Lift was powered by an electric motor and that the Genie Lift made very little noise when moving forward.

    d.    Defendant Hagans knew on July 19, 2020, including from safety training and instruction he had received, that the Genie Lift was extremely heavy relative to its size.

    e.    Defendant Hagans knew on July 19, 2020, including from safety training and instruction he had received, that the Genie Lift did not automatically emit any warning sounds or noises when the Genie Lift was moving forward.

    f.    Defendant Hagans knew on July 19, 2020, including from safety training and instruction he had received, that there was a blind spot in front of the body of the Genie Lift when the Genie Lift was moving forward.

    g.    Defendant Hagans knew on July 19, 2020, including from safety training and instruction he had received, that because the Genie Lift made very little noise when moving forward and because of the discussed forward blind spot, it was unsafe and likely

to cause serious injury or death to move the Genie Lift forward without (i) looking carefully for persons in or near his expected path of travel (including in or near the discussed forward blind spot) and (ii) warning persons who might be nearby (including by using the Genie Lift's horn).

  h. Defendant Hagans on July 19, 2020 knowingly disregarded his safety training and instruction by moving the Genie Lift forward with checking for people in or near his expected path of travel and without providing any audible or other warning, by using the Genie Lift's horn or otherwise, that he was about to move, or was moving, the Genie Lift forward.

  i. Defendant Hagans' safety training and instruction that he disregarded on July 19, 2020 related to the specific circumstances with which he was confronted immediately before and while moving the Genie Lift before striking Mr. Hatcher.

  j. Defendant Hagans' actions and omissions as described were in violation of safety training and instruction he had received which related directly to the specific circumstances with which he was confronted on July 19, 2020 and were a proximate cause of the crash/collision which inflicted catastrophic injuries on Mr. Hatcher.

### PRAYER FOR RELIEF

30. WHEREFORE, Mr. Hatcher moves the Court for judgment: (A) against the defendants, jointly and severally, for compensatory damages in an amount sufficient to compensate him fully for his injuries, expenses and other losses resulting from defendants' negligence, with prejudgment interest from July 19, 2020, and his costs in this action; and (B) against defendant Hagans separately for punitive damages in the maximum amount allowed under Virginia law.

  **PLAINTIFF DEMANDS A JURY TRIAL.**

|  | **WILLIAM DAVID HATCHER**<br>**By Counsel** |
|---|---|

Richard A. Freese
(pro hac vice forthcoming)
J. Mitchell Hastings
(pro hac vice forthcoming)
FREESE & GOSS, PLLC
1901 6th Avenue North, Suite 3120
Birmingham, Alabama 35203
T: (205) 871-4144
F: (205) 871-4104
rich@freeseandgoss.com
mitchell@freeseandgoss.com

Tim K. Goss
(pro hac vice forthcoming)
FREESE & GOSS, PLLC
3500 Maple Avenue, Suite 1100
Dallas, Texas 75219
T: (214) 761-6610
F: (214) 761-6688
tim@freeseandgoss.com

/s/ *Gregory L. Lyons*
John E. Lichtenstein (VSB #27048)
Gregory L. Lyons (VSB #24037)
Joanna M. Meyer (VSB #86427)
LICHTENSTEIN LAW GROUP PLC
347 Highland Avenue, SW (24016)
P.O. Box 601
Roanoke, Virginia 24004-0601
Tel:   (540) 343-9711
Fax:  (540) 343-9713
John.Lichtenstein@lichtensteinlawgroup.com
Greg.Lyons@lichtensteinlawgroup.com
Joanna.Meyer@lichtensteinlawgroup.com
*Counsel for the Plaintiff*