CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/21/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WILLIAM DAVID HATCHER,<br><br>        *Plaintiff*,<br><br>v.<br><br>HIGGINS ELECTRIC, INC. OF DOTHAN<br>AND JAMES HAGANS,<br><br>        *Defendants*. | CASE NO. 6:21-cv-00020<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  William David Hatcher filed suit against Higgins Electric, Inc. and its employee, James Hagans, for injuries sustained while working on renovations of a Flowers Foods brand plant in Lynchburg. Dkt. 1 at ¶ 11. Hatcher claims, among other things, that he is entitled to punitive damages from Hagans because Hagans acted with willful and wanton negligence while operating the Genie Lift that injured him. *Id*. at ¶ 29. Hagans has filed a motion to dismiss this aspect of Hatcher's case, arguing that Hatcher has not alleged sufficient facts to support it. *See* Dkt. 24.

  To begin, "punitive damages is not a cause of action subject to dismissal under Rule 12(b)(6)." *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F.Supp. 3d 620, 631 (W.D. Va. 2014) (internal quotation marks omitted).

  The parties dispute whether Plaintiff's request for punitive damages is a "claim" subject to the requirements of Rule 12(b)(6) or simply "a demand for relief", which is "immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted." *Charles*, 21 F. Supp. 3d at 631. But Hagans' motion would be denied either way. The Supreme Court of Virginia has described willful and wanton negligence as "action taken in conscious

disregard of another's rights, or with reckless indifference to consequences that the defendant is aware, from his knowledge of existing circumstances and conditions, would probably result from his conduct and cause injury to another." *Alfonso v. Robinson*, 514 S.E.2d 615, 618 (Va. 1999).

One way to show "reckless indifference" is through "[e]vidence that a defendant had prior knowledge or notice that his actions or omissions would likely cause injury to others." *Id*. at 619. Hatcher alleged just that. Specifically, Hatcher alleged that Hagans received safety training in which he was warned against operating the Genie Lift without alerting bystanders by sounding the lift's horn and looking carefully for persons in his path of travel. Dkt. 1 at ¶ 29(g). Plaintiff further alleged that Hagans knowingly disregarded this training at the time Plaintiff was injured. *Id*. at ¶ 29(h). *See also Robinson*, 514 S.E.2d at 619 (noting that it is a "critical characteristic" of a willful and wanton negligence claim that a defendant "had received specialized training warning against the very omission he made prior to the accident.").

Whether a defendant acted with willful and wanton negligence is a fact-specific inquiry. *Id*. at 618 ("Each case raising an issue of willful and wanton negligence must be evaluated on its own facts, and a defendant's entire conduct must be considered in determining whether his actions or omissions present such a question for the jury's determination."). With the benefit of discovery, Hagans may well be able to show that no rational finder of fact could find that he acted with willful and wanton negligence. But at the motion to dismiss phase, Hatcher need only plead factual content sufficient to support a plausible inference of willful and wanton negligence. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He has met that standard.

The motion to dismiss, Dkt. 24, will be denied.

The Clerk of Court is hereby directed to send a copy of this memorandum opinion to the parties.

ENTERED this  21st  day of March 2022.

*[Signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE